UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN F. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:09CV621 DJS |
| | ) | |
| EUGENE STUBBLEFIELD and | | |
| CHRIS KOSTER[1], | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as his motion to proceed in forma pauperis. Petitioner, a pretrial detainee at the St. Louis City Justice Center, has filed a petition seeking a dismissal of his state criminal case[2] on the grounds that his right to speedy trial has been violated. After review of the account statement attached to petitioner's application, the Court will grant petitioner's motion to proceed in forma

---

[1]Petitioner has named as respondent the State of Missouri. The proper respondent when a petitioner is in jail due to the state action he is attacking is the state officer having custody of the applicant. See Rule 2 of the Rules Governing § 2254 Cases. Because petitioner also challenges the state's prosecution of his criminal case, the attorney general would appear to be an additional respondent in this action. Id.

[2]State v. Brian Fitzgerald Taylor, No. 0822-CR-00681-01, 22nd Judicial Circuit (City of St. Louis).

pauperis. However, because it appears that petitioner has waived his right to speedy trial, the Court will order petitioner to show cause as to why his petition should not be denied.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. <u>Neville v. Cavanagh</u>, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." <u>Id</u>. Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. <u>Id</u>. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." <u>Blanck v. Waukesha County</u>, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). However, courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 488 (1973) (speedy trial); <u>Blanck</u>, 48 F. Supp. 2d at 860 (double jeopardy).

In his petition for relief, petitioner asserts that his right to speedy trial has been violated. As "evidence" of his assertion, petitioner attaches to his petition a partial docket sheet from his state criminal action, with a notation by two separate entries on the docket sheet, seemingly signifying his request for speedy trial in November of 2008 and the "speedy trial before date" of April 20, 2009. Upon review of the entire docket

sheet[3], however, the Court notes that it appears that petitioner has since waived his right to speedy trial. The docket entry on January 21, 2009 states that petitioner advised the Court on that date that he understood his right to speedy trial but waived that right for a continuance of the trial date due to incomplete discovery. Joint requests for continuance were made until April 20, 2009, when petitioner again requested a speedy trial. At that time, the Court noted that the "speedy trial before date" was October 17, 2009. On April 28, 2009, the matter was set for a plea/trial on September 8, 2009.

In light of the aforementioned, the Court will order petitioner to show cause, within thirty (30) days of the date of this Order, why his request for relief pursuant to 28 U.S.C. § 2241 should not be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause in writing, within thirty (30) days of the date of this Order, why his application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 should not be denied.

---

[3]The court was able to ascertain a copy of the docket sheet in petitioner's state criminal case at https://www.courts.mo.gov/casenet/cases.

**IT IS FURTHER ORDERED** that if petitioner fails to show cause within thirty (30) days of the date of this Order, this action will be dismissed, without prejudice, pursuant to Fed.R.Civ.P. 41(b).

**IT IS FURTHER ORDERED** that the Clerk shall docket this petition as <u>Brian F. Taylor v. Eugene Stubblefield and Chris Koster</u>.

Dated this  5th  Day of May, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE